J-A02023-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BRIAN P. DAVIES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIMON PROPERTY GROUP, INC.; | : | |
| SOUTH HILLS VILLAGE ASSOCIATES, | : | |
| L.P.; AND SNOW & ICE | : | No. 1021 WDA 2017 |
| MANAGEMENT CO. OF PA, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: SNOW & ICE | : | |
| MANAGEMENT CO OF PA, INC. | : | |

Appeal from the Judgment Entered July 20, 2017
In the Court of Common Pleas of Allegheny County Civil Division at No(s):
GD 15-005144

BEFORE:   BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                        FILED MARCH 23, 2018

Appellant, Snow & Ice Management Company of Pennsylvania, appeals from the judgment on July 20, 2017 in which the trial court awarded Simon Property Group, Inc. and South Hills Village Associates ("South Hills Village" collectively) $39,394.00 in attorney's fees pursuant to an indemnification agreement with Appellant.  Upon review, we affirm.

We briefly set forth the factual and procedural history of this case as follows.  On December 10, 2013, Brian Davies slipped and fell on ice in the parking lot at South Hills Village Mall located in Allegheny County, Pennsylvania.  On March 31, 2015, Davies filed a civil complaint against multiple defendants, including, inter alia, Appellant and South Hills Village,

claiming he sustained personal injuries and suffered damages as the result of their negligence. On October 31, 2016, a jury returned a verdict finding Appellant was not negligent. In addition, the jury found South Hills Village was 25% negligent, but that Davies was 75% comparatively negligent. As a result, the jury determined that Davies was not entitled to a recovery.

Pertinent to this appeal, immediately following the verdict, South Hills Village claimed it expended $39.394.00 in attorney's fees in defending Davis' action and Appellant was responsible for those fees pursuant to an indemnification provision in the parties' contract for snow removal. After the parties filed briefs on the issue, the trial court held oral argument on February 21, 2017. On February 27, 2017, the trial court concluded that South Hills Village was entitled to judgment in the aforementioned amount. On March 8, 2017, Appellant filed a motion for post-trial relief. The trial court held oral argument and denied relief by order entered on June 29, 2017. This timely appeal resulted.[1]

_____

[1] Appellant filed a notice of appeal on July 13, 2017. On July 18, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on July 31, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 6, 2017. At this Court's direction, Appellant praeciped the trial court Prothonotary to enter judgment as required under Pa.R.A.P. 301. See Brown v. Philadelphia College of Osteopathic Medicine, 760 A.2d 863 (Pa. Super. 2000) (appeal does not properly lie from order denying post-trial motions, but rather upon judgment entered following disposition of post-trial motions). Thus, upon compliance with Pa.R.A.P. 301, the notice of appeal previously filed in this case is treated as filed after the entry of judgment. See Pa.R.A.P. 905(a).

On appeal, Appellant presents the following issues for our review:

1. Whether the [trial] court's order of February 27, 2017, entering a verdict in favor of South Hills Village [] on its claim for contractual indemnification is supported by language in the indemnification provisions of the contract between South Hills Village [] and [Appellant]?

2. Whether the trial court erred in failing to take into account the fact that the jury found that [Appellant] was not negligent and, accordingly that the "disbursements" for which South Hills Village sought indemnification could not have resulted "in whole or in part from [Appellant's] performance of or alleged failure to perform the services under or in connection with this agreement," as specified in the paragraph 12(a) of the contract between South Hills Village and [Appellant]?

3. Whether the trial court's orders adhere to the rules for interpretation of contracts or indemnification set by the Supreme Court of Pennsylvania and this Court?

4. Whether the contract between the parties clearly and un[e]quivocally provided, according to the rule of Ruzzi v. Butler Petroleum[, 588 A.2d 1 (Pa. 1991)], that [Appellant] would indemnify South Hills Village for its own negligence even if [Appellant] was not found negligent?

Appellant's Brief at 5-6 (complete capitalization omitted).

All of Appellant's issues challenge the trial court's interpretation of the indemnity provisions of the parties' contract for snow removal. For ease of discussion, we first set forth the applicable provision of the parties' contract, paragraph 12(a) and (b) of the service agreement:

(a) To the fullest extent permitted by applicable law, [Appellant] shall, at [Appellant's] solo cost and expense, defend, indemnify, and hold harmless [South Hills Village] and all of their respective officers, directors, shareholders, members, partners, parents, subsidiaries and any other

affiliated entities, agents, servants, employees, and independent contractors of these persons or entities [] from and against any and all claims, liabilities, obligations, losses, penalties, actions, suits, damages, expenses, disbursements (including legal fees and expenses), or costs of any kind and nature whatsoever [] for property damage, bodily injury, and death brought by third-parties in any way relating to or resulting, in whole or in part, from [Appellant's] performance or alleged failure to perform the services under or in connection with this [a]greement.

(b)     The indemnity set forth herein will apply regardless of the active or passive negligence or joint, concurrent or comparative negligence of [a South Hills Village entity] and regardless of whether liability without fault or strict liability is imposed or sought to be imposed upon [South Hills Village], except to the proportional extent that a final judgment of a court of competent jurisdiction establishes under comparative negligence principles of the state where the [s]hopping [c]enter is located that a [c]laim was proximately caused by the sole negligence or intentional wrongdoing of [a South Hills Village entity], provided, however, that in such event the indemnity will remain valid for all other [entities of South Hills Village].

Service Agreement, 10/1/2013,[2] at 2 ¶12 (parentheticals omitted).

Because all of Appellant's issues pertain to the trial court's interpretation of the contractual provisions set forth above, we will examine them together. First, Appellant claims that the trial court erred as matter of law when it did not construe the indemnity provisions strictly or in light of the parties' intentions as evidenced by the entire contract. Appellant's Brief at 12-14. Appellant claims that, "[i]nstead, the trial court focused

_____

[2]     We note that the parties and the trial court state that the parties originally contracted for snow removal in 2008.

exclusively on the language of Section 12(b) [], ignoring the provisions of Section 12(a)" "which forms the condition precedent for [Appellant's] entire indemnification obligations to" South Hills Village. Id. at 13. Citing Ruzzi, Appellant claims that the trial "court's interpretation violated the basic cannons of contract indemnification construction[,]" because a party cannot obtain indemnification for its own negligence unless the contract clearly and unequivocally provides as such. Id. Citing Lane v. Commonwealth, 954 A.2d 615 (Pa. Super. 2008), Appellant claims a general contractor is not obligated to indemnify a subcontractor when their contract specifies that indemnification is for damages arising from or relating to a breach by the indemnifying party in connection with performance of the subcontractor. Id. at 15. Appellant argues that, in this case, it was exonerated from liability in connection with the accident. Id. In the alternative, Appellant argues that if there is any ambiguity with the indemnification provision, it must be construed against South Hills Village because it drafted the agreement. Id. at 16.

"Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation." Ragnar Benson, Inc. v. Hempfield Tp. Mun. Authority, 916 A.2d 1183, 1188 (Pa. Super. 2007) (citation omitted). "Our standard of review over questions of law is de novo and to the extent necessary, the scope of our review is plenary as an appellate court may review the entire record in making its decision." Id. (citation omitted).

Moreover, we have previously determined:

When the words of an agreement are clear and unambiguous, the intent of the parties is to be ascertained from the language used in the agreement. Generally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy.

A contract provision is ambiguous when it is reasonably susceptible to different constructions and capable of being understood in more than one sense. Where a provision of a contract is ambiguous, it is to be construed against the drafter of the agreement.

Enterprise Bank v. Frazier Family L.P., 168 A.3d 262, 265 (Pa. Super. 2017) (internal citations, quotations, and ellipses omitted).

Further, it is well-settled that

provisions to indemnify for another party's negligence are to be narrowly construed, requiring a clear and unequivocal agreement before a party may transfer its liability to another party. Ruzzi v. Butler Petroleum Co., 588 A.2d 1, 7 (Pa. 1991); Perry v. Payne, 66 A. 553 (Pa. 1907). Accordingly, indemnification provisions are given effect only when clearly and explicitly stated in the contract between two parties. Greer v. City of Phila., et al., 795 A.2d 376, 380 (Pa. 2002) ("[u]nless the language is clear and unambiguous … we must opt for the interpretation that does not shoulder [subcontractor] with the fiscal responsibility for [contractor's] and [owner's] negligence.").

Bernotas v. Super Fresh Food Markets, Inc., 863 A.2d 478, 482–483 (Pa. 2004).

Here, Section 12(a) of the contract states that Appellant "shall, at [it's] solo cost and expense, defend, indemnify, and hold harmless" South Hills Village "from any and all claims" for "bodily injury [] brought by third-parties, in any way relating to or resulting, in whole or in part, from

[Appellant's] performance or alleged failure to perform [] services[.]" Service Agreement, 10/1/2013, at 2 ¶12(a) (emphasis added). As the plain language of the contract specifies, Appellant had a duty to defend South Hills Village from all claims resulting from Appellant's alleged failure to perform services. Here, Davies filed suit against both Appellant and South Hills Village, alleging negligence in failing to clear snow and ice from the shopping center's parking lot, which, in turn, caused his injury. The mere allegation that Appellant failed to provide required services, triggered Appellant's duty to defend South Hills Village under the plain language of the contract.

Section 12(b) of the agreement supplied the express stipulation that Appellant would assume indemnification obligations from claims arising from Appellant's performance or alleged failure to perform. See Bernotas, supra. The provision states that "indemnity [] will apply regardless of the active or passive negligence or joint, concurrent or comparative negligence of" South Hills Village, "except to the proportional extent that a final judgment ... establishes under comparative negligence principles ... that a claim was proximately caused by the sole negligence or intentional wrongdoing of" South Hills Village. Service Agreement, 10/1/2013, at 2 ¶12(b) (emphasis added). Here, Appellant suggests that because the jury absolved it of wrongdoing, South Hills Village was the sole negligent defendant, which limited Appellant's duty to indemnify. Thus, the argument turns on the interpretation of the word "sole" as set forth above.

Pertinent to this appeal, Merriam-Webster's defines the term "sole" as "having no sharer; being the only one; functioning independently and without assistance or interference; belonging exclusively or otherwise limited to one usually specified individual, unit, or group." MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2008) at 1187. The term is clear, unequivocal and unambiguous. The term sole refers to a single entity. In context, it must be construed to mean that Appellant bore no obligation to defend or indemnify South Hills Village, if, and only if, South Hills Village was the only entity whose negligence proximately caused injury. Here, the jury determined South Hills Village was 25% negligent, but that Davies was 75% comparatively negligent. Thus, the jury did not find that South Hills Village was exclusively or solely negligent, finding instead that Davies shared the bulk of responsibility for his injuries. As such, we see no error in the trial court's conclusion that "it was the clear intent of South Hills [Village] to obtain indemnity against this, as well as all similar incidents resulting in lawsuits in which South Hills [Village] was not solely responsible for injury and damages." Trial Court Opinion, 9/6/2017, at 7 (emphasis in original). Accordingly, the trial court appropriately issued a non-jury verdict in favor of South Hills Village for its attorney's fees in defending the Davies' action. Appellant is not entitled to relief.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2018